# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

| | |
|---|---|
| JESSE BLOUNT  Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 1:18-cv-00110 ) |
| NATIONAL PATIENT ACCOUNT SERVICES, INC.  Defendant, | ) ) ) ) ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff JESSE BLOUNT, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, by Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 47 U.S.C. § 227, and 28 U.S.C. §§ 1331 and 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Since Defendant transacts business here, personal jurisdiction is established.

## III. PARTIES

4. Plaintiff, JESSE BLOUNT is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Alachua County, in the state of Florida.

5. Defendant, NATIONAL PATIENT ACCOUNT SERVICES, INC. is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Jefferson County, in the state of Kentucky.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.    FACTUAL ALLEGATIONS

8. Sometime before June 8, 2018, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, and placing collection calls to Plaintiff prior to June 8, 2018; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.  Within one year prior to the filing of this complaint, Defendant called Plaintiff on his cellular telephone number ending in XXX-XXX-1202, seeking and demanding payment for an alleged debt, after he already told it to stop calling him at least once approximately on or around June 14, 2017

and gave it reason to know continued calls would annoy and/or harass him. The agent also identified Defendant as a 'business center', and not a debt collection agency, which is misleading, and could confuse the least sophisticated consumer. These calls by Defendant were "communications", as defined by 15 U.S.C. § 1692a(2), and they were in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692c(a)(1), §1692d, §1692e, §1692e(10), and §1692f.

13. Defendant's continued calls to Plaintiff's cell phone after he told Defendant to stop calling were made without having prior express consent.

14. Plaintiff's cellular telephone number listed earlier in this complaint was obtained and assigned to him prior to June 8, 2018, the cellular telephone number was assigned to a cellular telephone service as described in 47 U.S.C. § 227(b)(1)(A)(iii).

15. Prior to June 8, 2018, and continuing until and since the time of the filing of this Complaint in this matter, Plaintiff carried his cellular phone assigned phone number and carried it on or about his respective person every day expecting to be able to place and receive telephone calls freely and at will.

16.  Prior to June 8, 2018, when Plaintiff began carrying his respective cellular phone assigned phone number, and continuing until and since the time of the filing of this Complaint in this matter, no one other than Plaintiff carried his respective cellular telephone.

17.  Defendant's cellular telephone calls were made using automatic means, and were not made for emergency purposes.  Plaintiff hopes to obtain the exact numerical amount in discovery.

18.  As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the illegal manner in which Defendant continued to call Plaintiff's phone number or cause his phone numbers to be called.

19.  Plaintiff suffered actual damages as a result of the illegal communication(s) by Defendant in the form of emotional distress, and upset, amongst other negative emotions.

20.  Defendant's illegal communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## V.  CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

21. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

23. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et seq.

25. Plaintiff repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the TCPA including each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq. with respect to Plaintiff.

27. As a result of the foregoing violations of the TCPA, Defendant is liable to Plaintiff, for actual damages pursuant to 47 U.S.C. § 227(b)(3)(B), statutory damages in an amount of no less than $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B), and treble damages pursuant to 47 U.S.C. § 227(b)(3).

## *VI.* **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1,000.00 from Defendant for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. Pursuant to 47 U.S.C. § 227(b)(3)(B), the greater of:

    a. Statutory damages from Defendant of $500 per violation for Plaintiff; or

    b. Actual damages from Defendant for the emotional distress Plaintiff suffered as a result of both the

intentional and/or negligent TCPA violations, and the invasion of Plaintiff's privacy by intrusion upon seclusion, such amounts to be determined at trial.

E.  Trebled statutory damages from Defendant for Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

F. Punitive damages.

G. For such other and further relief as the Court may deem just and proper.

Dated:  June 20, 2018                    RESPECTFULLY SUBMITTED,
                                         By: /s/ Kevin Crick
                                         Kevin Crick, Esq.
                                         BBO:  680950
                                         Rights Protection Law Group, PLLC
                                         8 Faneuil Hall Marketplace, Third Floor
                                         Boston, Massachusetts 02109
                                         Phone: (844) 574-4487
                                         Fax: (888) 622-3715
                                         k.crick@rightsprotect.com
                                         **Attorney for Plaintiff**

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Jesse Blount demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.